# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KAREN BURROW-THRELKELD, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-02031 SRC |
| | ) | |
| U.S. VISION, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Jason Iannantuoni, Helen Bidol, Adam Levy, U.S. Vision, Inc., and Nationwide Vision Center, Inc.'s Motion to Dismiss Plaintiff's Complaint [13] and Plaintiff's Motion for Extension of Time to File a Response [22]. The Court grants Defendants' Motion and dismisses Plaintiff's claims.

## I.     BACKGROUND

On May 21, 2019, Plaintiff Karen Burrow-Threlkeld filed a complaint in the Circuit Court of St. Louis County asserting Defendants discriminated against her due to her religion and they retaliated against her in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII"). On July 17, 2019, Defendants removed the case to this Court. On August 15, 2019, Defendants filed the pending Motion to Dismiss. On September 11, 2019, the Court issued an order to Plaintiff to show cause, by September 26, 2019, as to why Defendants' Motion should not be granted. Plaintiff filed a response on September 18, 2019. Her response made it clear to the Court that she did not understand the Court's order. On September 30, 2019, the Court issued a second order that granted Plaintiff additional time to file a response to Defendants' Motion, referred her to the Court's Legal Advice Clinic for self-represented litigants, and sent her a civil complaint

1

form should she seek to amend her complaint. Plaintiff filed additional responses on October 16, 2019, and December 16, 2019. Plaintiff includes the following allegations in her Complaint.[1]

Plaintiff alleges that for three years, Plaintiff's work caused her stress requiring her to take medication and causing her to have panic attacks upon entering the building. As she contacted the human resources department about the problems, the situation worsened. Plaintiff alleges she sometimes worked 18, 21, or 25 days in a row. In July 2018, she reported to the EEOC.

Plaintiff claims she began working in September 2002, and that Iannantuoni's dislike of Plaintiff began as soon as he started with U.S. Vision. He first tried to write her up in 2016 for not servicing a customer while Plaintiff was on her lunch break. In 2018, the company held a town hall meeting with the CEO Adam Levy. Employees were permitted to ask questions and Plaintiff asked how often employees were to receive an annual review. Levy responded once a year. Plaintiff stated she had not received a review from Iannantuoni since 2015 and he would not give her a copy of the review. She had only had five reviews during her employment from 2002 to 2018. Levy promised to check on it and get back to her, but he did not.

According to Plaintiff, in February 2018, Iannantuoni came in to do a business review, which Plaintiff had not seen him do from 2015 to 2018. He reported sales were down in 2016 and up in 2017. Iannantunoi came in to give Plaintiff her 2016 review, in 2018, and indicated Plaintiff had poor customer service issues. When Plaintiff questioned it, Iannantuoni crossed it out but did not change her rating, leaving her with an overall rating of less than one. This meant

---

[1] Plaintiff's filing that the state court considered as her petition consists of a handwritten statement on a court-provided-form and three pages of typed allegations. Doc. 5. The Court considers the allegations in all these documents as her Complaint for the purposes of this Order. *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008) (*pro se* complaints must be liberally construed and *pro se* litigants are held to a lesser pleading standard than other parties).

Plaintiff did not meet company standards. In 2018, Plaintiff claims she received a "good commission" and received awards from Iannantuoni and Ted Brown, the regional manager. However, she still received a rating of less than one.

Plaintiff alleges that in response to her review, Plaintiff emailed human resources "to find out if maybe Janson Iannantuoni just signed my name to the reviews." Bidol responded that it was against company policy and apologized for not "releasing" Iannantuoni to give Plaintiff her reviews, "[b]ut all of those who did receive them did get their raises." During her employment, Plaintiff had an "Optec" working under her and she would receive a 90-day review to complete and annual reviews to complete, which she would return to human resources.

Plaintiff alleges, on May 8, 2018, Iannantuoni wrote up Plaintiff when a customer called the "optical help line" to report defective merchandise or lab error. Iannantuoni wrote Plaintiff up for not agreeing to lie about her Optec. Iannantuoni picked-on her from the beginning of her employment. Plaintiff believes it was because Plaintiff went to the regional manager to hire the Optec because she needed help. Hiring this Optec allowed Plaintiff a day off but Iannantuoni made it hard for the Optec to stay. He initially hired her to work full-time with benefits but after 45 days, he cut her to 18 hours per week and she quit.

According to Plaintiff, from 2016 until 2018, Plaintiff reported to human resources but feels this only hurt her. She would ask Iannantuoni for help but he would not send anyone to assist her. Iannantuoni hired someone to help Friday through Sunday but this did not help on the days a doctor was in the office, Mondays and Wednesdays. Plaintiff would work from 9:30 a.m. to 6:30 p.m. without time to eat lunch and she had to stay late to catch up. Iannantuoni hired someone to work on Saturdays but, as a manager, Plaintiff could not take every Saturday off so she was still required to work seven days a week. Another manager had every Friday and

3

Saturday off but Iannantuoni did not write her up even though he tried to write up Plaintiff for this.

Plaintiff waited for her 2017 review to see how Iannantuoni rated her. She did not receive anything so on July 6, 2018, she emailed human resources and received a response on July 12, 2018. On July 17, 2018, Iannantuoni came to do her review for 2018, but Plaintiff refused to sign it because she never received a 2017 review. Plaintiff received a rating of less than 1. In 2016 and 2017, sales were up but Plaintiff did not receive a raise. They were up again in July 2018, but her rating was still poor. Plaintiff states, "Helen claim to add 2017 and 2018 together. Very, Very wrong." Plaintiff believes this was a way to try to get her to quit.

Plaintiff claims that from July 4, 2018 until late November 2018, she worked open to close by herself. On July 11, 2018, Plaintiff sent an email asking for help and to get coverage for Plaintiff's week-long vacation. Iannantuoni did not respond. Plaintiff receives five weeks of vacation a year, and if she does not use them, she loses them. Another manager requested time off to go on vacation a week before Plaintiff. This manager called Plaintiff and told her Iannantuoni found help for his vacation and Iannantuoni did not know of Plaintiff's request. Plaintiff again contacted human resources. They did not believe her and asked her to forward the email in which she asked for help. Even after sending it, Michelle Hawkins, in human resources, did not believe Plaintiff.

In concluding her Complaint, Plaintiff states, "I have been with this company for over 16 years and sales have always been great within US Vision. I have received less than $2.00 in raises overall within this company. I have worked hard for them, doing everything that they as (sic) me to do as long as it does not go against the Word of God."

## II.     STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all

factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

## III. DISCUSSION

In their Motion, Defendants argue the Court should dismiss Plaintiff's Complaint for three reasons: (1) Plaintiff fails to state a claim upon which relief can be granted because she has not met the pleading requirements of Federal Rule of Civil Procedure 8, she failed to exhaust her administrative remedies, and she improperly filed suit against individuals under Title VII; (2) the Court does not have personal jurisdiction over Defendants Bidol and Levy; and (3) Plaintiff failed to properly effectuate service of the Summons and Complaint on Defendants Iannatuoni, Bidol, and Levy.

### A. Failure to State a Claim

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). Title VII states:

> It shall be an unlawful employment practice for an employer –
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Although a plaintiff need not plead the elements of the prima facie case to withstand a motion to dismiss for failure to

6

state a claim, she must plead some facts to establish the existence of a plausible claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Plaintiff asserts Defendants discriminated against her on the basis of her religion and retaliated against her.

Plaintiff does not plead any factual allegations in her Complaint to establish that her religion had anything to do with any adverse employment actions taken against her. To establish a prima facie case of religious discrimination, a plaintiff must show she (1) has a bona fide religious belief that conflicts with an employment requirement, (2) informed the employer of such conflict, and (3) suffered an adverse employment action. *Ollis v. HearthStone Homes, Inc.*, 495 F.3d 570, 575 (8th Cir. 2007). Plaintiff alleges no facts from which the Court can infer she had a bona fide religious belief that conflicted with an employment requirement, she informed her employer of the requirement, or that she suffered an adverse employment action due to her religion. Although liberally construing her complaint, the Court cannot conclude Defendants discriminated against her on the basis of her religion and it must dismiss her Complaint.

Plaintiff likewise fails to state a claim that Defendants violated Title VII by retaliating against her. Title VII makes it unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima case of retaliation, an employee must allege: "(1) he engaged in statutorily protected activity; (2) the employer took an adverse action against him; and (3) a connection between the two occurrences." *Bakhtiari v. Lutz,* 507 F.3d 1132, 1137 (8th Cir. 2007) (citing *Green v. Franklin Nat'l Bank,* 459 F.3d 903, 914 (8th Cir. 2006)). In order to state a claim of

retaliation under Title VII, Plaintiff must allege at a minimum that she engaged in statutorily protected activity.

Plaintiff alleges she filed a complaint with the EEOC in July 2018. However, she does not allege what adverse action Defendants took against her after she filed a complaint with the EEOC. All of the misconduct Plaintiff alleges occurred happened prior to July 2018. Plaintiff fails to plausibly plead she engaged in a statutorily protected activity, Defendants took adverse action against her, and there is a connection between the two. The Court must dismiss Plaintiff's claim for retaliation.

Because the Court dismisses Plaintiff's Complaint for failure to state a claim, the Court need not address Defendants' remaining arguments for dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time to File a Response [22] is **GRANTED**. The Court accepts for filing Plaintiff's response [23].

**IT IS FURTHER ORDERED** that Defendants' Jason Iannantuoni, Helen Bidol, Adam Levy, U.S. Vision, Inc., and Nationwide Vision Center, Inc.'s Motion to Dismiss Plaintiff's Complaint [13] is **GRANTED**. The Court **DISMISSES** Plaintiff's Complaint **without prejudice**.

So Ordered this 31st day of December, 2019.

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**